Bell, J.
This appeal has raised the question of what, if any, force remains in the decision of this court in Zangerle, Aud., v. City of Cleveland, 145 Ohio St., 347, 61 N. E. (2d), 720.
The decisions of this court construing Section 2, Article XII of the Constitution, and the legislative enactments made pursuant thereto are many, and the results are varied and, in some instances, conflicting. The temptation is great to review those decisions in detail in an attempt to categorize them. However, such a review does not appear justified in the light of recent action by this court.
At the time the Zangerle case was decided, Section 5351, General Code, declared, among other things, that “public property used for a public purpose, shall be exempt from taxation. ” Following the decision in City of Cleveland v. Board of Tax Appeals, 153 Ohio St., 97, 91 N. E. (2d), 480, 16 A. L. R. (2d), 1354, the General Assembly amended that statute so that such provision now reads (Section 5709.08, Revised Code): “public property used exclusively for a public purpose shall be exempt from taxation. ’ ’
Is the property sought to be exempt here “public property used exclusively for a public purpose”1?
There can now be no doubt that property of a public utility owned and operated by a municipality is public property. City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, 54 N. E. (2d), 656. In his dissenting opinion in the Zangerle case, supra, Judge Zimmerman said:
“The term ‘public purpose’ as contained in our constitutional and statutory provisions is not restricted to purely governmental enterprises, but embraces a wider field of public activity, including proprietary undertaidngs. ”
That view was adopted unanimously by this court in In re Application for Exemption of Real Property from Taxation, 164 Ohio St., 605, 132 N. E. (2d), 747, when it held in paragraphs two and three of the syllabus:
“2. The use of its property by a municipal corporation in furnishing a public utility service is a use thereof for a ‘public *265 •purpose’ within the meaning of those words as used in Section 5709.08, Revised Code. (City of Toledo v. Hosier, Treas., 54 Ohio St., 418, and City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St,, 141, approved and followed.)
“3. A public purpose of a proprietary nature is still a public purpose within the meaning of Section 5709.08, Revised Code. (City of Toledo v. Hosier, Treas., 54 Ohio St., 418, and City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, approved and followed; Zangerle, And., v. City of Cleveland, 145 Ohio St., 347, and City of Cleveland v. Board of Tax Appeals, 153 Ohio St., 97, questioned and distinguished.)”
Since the property involved herein is, therefore, public property used for a public purpose, the only remaining question is whether it is used exclusively for á public purpose.
It is undenied that the property is used solely for the mass transportation of the residents of Cleveland and its environs. The appellant filed with its applicaton to the Board of Tax Appeals a statement reciting that “the city of Cleveland (Cleveland Transit System) is not asking for tax exemption for that portion of its property that is leased or rented to private individuals.”
■■(The majority of this court is of the opinion that the property for which exemption is asked meets the test of exclusive use, and such opinion is not mitigated by the fact that a charge is made for the service rendered by the utility to the public or by the fact that a profit may result from that charge.
It is common knowledge that many municipally owned public utilities show a profit from their operations, and recognition of the fact that such profits are made is seen in the legislative prohibition against transfer of surplus water funds (Section 743.05, Revised Code) and the permissive procedure for transferring surplus light-plant funds to general fund purposes (Section 5705.15, Revised Code). We are of the opinion that a public-owned mass transportation system should be treated, so far as tax exemption is concerned, like other municipally owned public utilities, such as waterworks, light plants and gas plants, which for generations have been exempt from taxes in Ohio.
• At. the beginning of the hearing before the Board of Tax Appeals, Chairman Kirwin of the board stated:
“Included in this application is a statement that the city *266 of Cleveland, the Cleveland Transit System, is not asking for tax exemption for that portion of the property that is leased or rented to private individuals. It is the understanding of the Board of Tax Appeals that that particular property has not been segregated. However, at this time the board feels that there is no necessity for segregating that property; that if it is eventually determined that a portion of this property is to be exempted from taxation and another portion taxed, then an additional hearing will be held at which time the description of the property to be exempted will be determined and a description of the property to be taxed will be determined.”
For the reasons stated herein, the decision of the Board of Tax Appeals is reversed, and the cause is remanded to the board for further proceedings according to law.

Decision reversed and cause remanded.

Zimmerman, Taet, Matthias and Herbert, JJ., concur.
Weygandt, C. J., and Stewart, J., dissent.